```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                                :

RAYMOND and BARBARA DUBACK            :    BK No. 04-12247
          Debtors                              Chapter 13

- - - - - - - - - - - - - - - - - -x
```

## OPINION AND ORDER ALLOWING SECURED CLAIM

APPEARANCES:

    Gary M. Hogan, Esq.
    Attorney for Debtors
    GILMORE, REES, CARLSON & CATALDO, P.C.
    1000 Franklin Village Drive, Suite 305
    Franklin, Massachusetts 02038

    Jeffrey C. Blake, Esq.
    Attorney for Creditor, Victoria Cholewa-Sanquedolce
    1136 Main Street
    P.O. Box 782
    Wyoming, Rhode Island 02898

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 04-12247

Heard on the Debtors' objection to the secured status of the proof of claim of Victoria Cholewa-Sanquedolce.  At issue are questions of: (1) merger; (2) adequacy of description of real property; and (3) the effect of recording a judgment against real estate.  For the reasons discussed below, I find that Sanquedolce is a secured creditor and rule that the claim is allowed as filed.

## BACKGROUND

The relevant facts are not in dispute.  In 1996, the Dubacks mortgaged their home in Richmond, Rhode Island, to Joseph Guastamachio to secure the payment of a promissory note in the amount of $31,975.  In 1999, after Guastamachio's death, Sanquedolce became the holder of the mortgage through the probate process.  Apparently in an effort to keep title issues to a minimum, Sanquedolce discharged the Guastamachio mortgage in exchange for the Dubacks' executing a new mortgage and promissory note in the face amount of $30,000 to Sanquedolce.  Sometime after the execution of the new note and mortgage, the Dubacks defaulted on their payment obligation.

1

BK No. 04-12247

**<u>EARLY HISTORY</u>**

From the time the Dubacks purchased the property, there were problems with the legal description, in that the deed failed to include a triangular piece of land that was considered a part of the property, and this error carried over into the descriptions contained in subsequent mortgages on the property, including the Sanquedolce mortgage. After the Dubacks became delinquent, instead of foreclosing her mortgage, Sanquedolce sued in State court on the note for breach of contract, and in June 2001, Sanquedolce obtained judgment on the note against the Dubacks in the amount of $34,433.98. She did not record the judgment as a lien against the property.

In March 2002, Bankers Trust Co., the first mortgage holder, brought an action in the Rhode Island Superior Court to quiet title and to correct the property description. Thereafter, the Dubacks and Bankers Trust entered into a consent decree wherein the description of the property was corrected to include the triangular parcel. The parties also stipulated that title to the property vested in the Dubacks, subject to, *inter alia*, the Bankers Trust mortgage and the Sanquedolce mortgage. *See* Debtors' Exhibit 6.

2

BK No. 04-12247

In July 2004, the Dubacks filed their Chapter 13 petition in this Court, and Sanquedolce filed a secured proof of claim in the amount of $30,000.

## DISCUSSION

The Debtors object to the Sanquedolce claim on two grounds: (1) that the mortgage securing the debt was merged into the 2001 breach of contract judgment, making Sanquedolce merely an unsecured creditor; and (2) the property description contained in the original mortgage is defective, rendering the mortgage invalid.

### *Merger of Judgment and Mortgage Debt*

The Debtors contend that Sanquedolce's election to sue on the promissory note invoked the rule of merger which precludes a second action on the original claim after a final judgment has been rendered for the creditor. *See* Restatement (Second) of Judgments § 18 (1982). "When a valid and final personal judgment is rendered in favor of the plaintiff… [t]he plaintiff cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment...." Id. More fact specific and countervailing law, however, is that a mortgage lien survives after a judgment is entered on the underlying note. Barring statutory provisions to

3

BK No. 04-12247

the contrary, "[t]he general rule is that a mortgagee who has obtained a judgment on the mortgage note does not forgo his rights under the mortgage until the debt is satisfied." *Bache-Wiig v. Fournier (In re Bache-Wiig),* 299 B.R. 245, 249 (Bankr. D. Me. 2003). *See also In re Mitchell,* 281 B.R. 90, 92 (Bankr. S.D. Ala. 2001); *see also* 55 Am. Jur. 2d Mortgages § 524 (1996).

While they cite no applicable Rhode Island statute (because there is not one), the Debtors point out that in some jurisdictions local statutes have modified the general rule such that "obtaining a judgment solely on the note is held to be a waiver of the right to sue to foreclose the mortgage," *In re Mitchell,* 281 B.R. at 92, while other jurisdictions bar a second action unless an unsatisfied execution on the personal judgment has been returned, *id.; see also* Mich. Comp. Laws § 600.3105 (1961). With no such Rhode Island statute, I suppose the next question is - so? The Debtors also cite *In re Schlecht*, 36 B.R. 236 (Bankr. D. Alaska 1983), which involved a creditor seeking attorney's fees pursuant to its original promissory note, and under 11 U.S.C. §506(b). Prior to bankruptcy the creditor had conducted a judicial foreclosure sale of the security under its note and mortgage, and obtained a judgment which included attorney's fees. The foreclosure sale left

4

BK No. 04-12247

the creditor with a deficiency. The issue for the bankruptcy court was whether additional attorney's fees could be awarded to the creditor under the provision for fees in the note. The bankruptcy court said *no*, reasoning that after the note merged with the judgment its terms no longer applied. While the bankruptcy court did not make reference to the mortgage, the state court action involved both the note and the mortgage, and the mortgage was extinguished through the foreclosure process. In the instant case, Sanquedolce never sued on the mortgage. In my view, *Schlecht* does not create an exception to the general rule that "a mortgagee who has obtained a judgment on the mortgage note does not forgo his rights under the mortgage until the debt is satisfied." *In re Bache-Wiig,* 299 B.R. at 249. More importantly, in a case decided after *Schlect*, the Alaska Supreme Court affirmed that the general rule protecting mortgages is alive and well in Alaska. *See Moening v. Alaska Mut. Bank*, 751 P.2d 5, 8 (Alaska 1988) ("Under the common law, a prior suit on the note does not preclude subsequent judicial or nonjudicial foreclosure of the security").

    The other case cited by the Debtors is *Yergensen v. Ford*, 402 P.2d 696 (Utah 1965), where the Utah Supreme Court applied the state's "one-action" statute which specifically precludes any suit

5

on a mortgage after a final judgment on the note. The Utah statute provides: "There can be but one action for the recovery of any debt or the enforcement of any right secured solely by mortgage upon real estate...." Utah Code Ann. § 78-37-1 (2005). I would follow the Utah law only if assigned to sit in Utah, or if the law of the case somehow mandated the application of the Utah statute.

But getting back to Rhode Island law which, of course, is controlling here, "[i]t is settled in this jurisdiction that the courts will follow the common law to the extent that it remains applicable in given circumstances unless such law is modified by statute." *Benevides v. Kelly*, 157 A.2d 821, 824 (R.I. 1960). Because Rhode Island has not enacted a statute on this subject, the common law general principle that a mortgage is valid until satisfied, controls. Therefore, on the merger issue, the Sanquedolce mortgage is enforceable.

### *Defective Legal Description*

The Debtors also argue that the Sanquedolce mortgage is invalid because the legal description contained in the original mortgage deed was defective. This argument is not supported by Rhode Island law, either. To the contrary, in this jurisdiction a real estate mortgage is not automatically void because of an error

6

BK No. 04-12247

in the legal description. "A mortgage will not be held void for uncertainty... where by any reasonable construction it can be sustained; and where the description used furnishes a key whereby a person, aided by extrinsic evidence, can ascertain what property is covered, such description is sufficient." *In re Barnacle*, 623 A.2d 445, 451 (R.I. 1993) (emphasis removed, *quoting Caraway Bank v. United States*, 529 S.W.2d 351, 351-52 (Ark. 1975)).

*Barnacle* is a case that originated in this Court and came before the Rhode Island Supreme Court upon our certification of a question involving state law. The precise question was: "Whether the legal description contained in a mortgage deed, which does not describe the particular condominium unit intended to be conveyed but instead describes the entire condominium building, gives constructive notice to a bona fide purchaser of the single condominium unit." *Barnacle*, 623 A.2d at 446. In response to our question, the Supreme Court stated:

> An obligation is imposed on a purchaser of real property to make a reasonable and diligent search of the records. In this instance the mortgage was properly recorded, and a prospective purchaser undertaking a reasonable title search would have discovered the mortgage. The purchaser would then be on notice of an interest in the land, albeit with a general metes-and-bounds description of the

7

BK No. 04-12247

> entire condominium project, but a description nonetheless. ... The purchaser who adequately searched title would be on notice of the information represented in the mortgage. That information could be the key in more adequately defining the land or, in this case, the specific unit number of the condominium. Because this instrument was properly recorded, the purchaser would be bound by the notice it imparts.

*Barnacle,* 623 A.2d at 451.

In the instant case the property description had been the subject of an action to quiet title, wherein the Debtors stipulated that the property was subject to the Sanquedolce mortgage. Furthermore, the description contained in the mortgage clearly provides constructive notice that Sanquedolce has an interest in this property. A search of the land evidence records reveals the judgment in the state court quiet title action, as well as the corrected property description. With this information, the exact interest covered by the Sanquedolce mortgage is easily ascertainable, and may not be invalidated for uncertainty.

In light of our discussion and rulings, supra, the Debtors' argument regarding the creditors' failure to record the 2001 judgment on the note is moot, and need not be addressed here.

BK No. 04-12247

For all of the foregoing reasons, I conclude that the Sanquedolce mortgage is valid and rule that her secured proof of claim is ALLOWED as filed.

Enter judgment consistent with this decision.

Dated at Providence, Rhode Island, this 15th day of August, 2005.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 8/15/2005